**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYREE A. GREGORY, | : | |
| | : | Civil No. 09-163 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| WARDEN J. GRONDOLSKY, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> TYREE A. GREGORY, Petitioner pro se
> #40606-037
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**BUMB, District Judge**

Petitioner, Tyree A. Gregory ("Gregory"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gregory names Warden Grondolsky, the Warden at FCI Fort Dix where petitioner is confined, as the party respondent in this action. On or about May 8, 2009, Gregory moved to amend his petition, attaching a copy of his proposed amended petition. (Docket entry no. 2).

For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

I.   <u>BACKGROUND</u>

The following facts are taken from the petition and amended petition, and are assumed true for purposes of this decision. Gregory is currently confined at FCI Fort Dix.  He brings this habeas action under § 2241, asking that the Bureau of Prisons credit his federal sentence at a three to one ratio because of the time he served in federal pretrial confinement at various detention centers, including the Maryland Detention Center in Baltimore, Maryland, from June 7, 2007 through November 4, 2007; the Wicomico County Detention Center, from January 29, 2008 through March 24, 2008; and the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio, from April 11, 2008 through August 4, 2008, before being transferred to FCI Fort Dix to serve his federal sentence.

Gregory does not provide any information with respect to his federal sentence.  He does not state the federal court in which he was convicted and sentenced.  He does not indicate the date of sentencing or the prison term imposed.  He simply alleges unreasonable conditions at the various detention centers where he was confined before his transfer to FCI Fort Dix.  In particular, Gregory alleges that he endured overcrowded conditions within confined sleeping quarters (<u>e.q.</u>, three inmates housed in a cell designed for two), extended periods of lock-down without access to showers, clean laundry, and legal or other telephone calls.

He also claims that meals were inadequate and served under unsanitary conditions.  The detention centers were generally unsanitary and unsafe; floors were not swept or mopped, there was little or no ventilation in the housing units, and inmates in general population were exposed to life-threatening diseases such as MRSA, a serious staph infection.  Gregory does not allege that he contracted MRSA, or any other infectious disease.  However, he does claim that he was stabbed with a homemade shank while housed at the federal detention center in Baltimore, Maryland.

Gregory admits that he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP") before bringing this habeas petition, but contends that such exercise would be excused as futile.  He also does not indicate whether he sought a downward departure on his sentence with respect to this claim, although this was the avenue of relief sought by defendants in the case law Gregory cites in support of his petition.  Indeed, there is no history provided with respect to whether Gregory directly appealed his sentence, filed a motion with his sentencing court for a downward departure, or whether he filed a motion under 28 U.S.C. § 2255 to correct his sentence.

This Court, having checked the Federal Judiciary electronic public access programs, namely, PACER (Public Access to Court Electronic Records), notes that a federal judgment of conviction and sentence was entered against Gregory, on or about June 26,

3

2008, in the United States District Court for the District of Maryland (Baltimore).  Gregory was sentenced to a prison term of 78 months, dating from June 7, 2007, to be followed with a four-year term of supervised release.  The BOP Inmate Locator confirms that Gregory has a projected release date of February 3, 2013.

II.  <u>DISCUSSION</u>

A.  <u>Sua Sponte Dismissal</u>

"Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  <u>See</u> 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856; <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025.

B.    Habeas Jurisdiction

Gregory brings this application for a reduction or credit with respect to his federal sentence under 28 U.S.C. § 2241. Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Here, Gregory contends that his petition challenges the execution of his federal sentence because he is seeking the BOP to award him a three to one credit ratio against his federal sentence for the time he served in the Maryland Detention center,

5

the Wicomico Detention Center and the NEOCC, due to the harsh and unreasonable conditions of his confinement.  He does not challenge the imposition of his sentence.  Gregory also argues that jurisdiction is appropriate under § 2241 because he was confined in New Jersey at the time he filed his petition.

Nevertheless, this Court finds that Gregory is actually seeking a modification of his sentence based on the conditions of his confinement at the NEOCC, which is not cognizable in a habeas petition under § 2241.  More appropriately, his appropriate avenue for relief would be a § 2255 motion or, alternatively, a claim under 18 U.S.C. § 3582(c), which governs the modification of an imposed prison term.

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994); Morales v. United States, 353 F. Supp.2d 204, 205 (D. Mass. 2005).  See also United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007)(a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure); United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir. 1997).  The Sentencing Reform Act specifies that a sentencing court may not modify a

term of imprisonment once it has been imposed except under

limited circumstances.  See 18 U.S.C. § 3582(c).

Specifically, § 3582(c) states that a district court may not

modify a sentence once it has been imposed except that --

(1) in any case -
    (A) the court, upon motion of the Director of the
Bureau of Prisons, may reduce the term of imprisonment (and
may impose a term of probation or supervised release with or
without conditions that does not exceed the unserved portion
of the original term of imprisonment), after considering the
factors set forth in section 3553(a) to the extent that they
are applicable, if it finds that --
    (i) extraordinary and compelling reasons warrant such a
reduction; or
    (ii) the defendant is at least 70 years of age, has
served at least 30 years in prison, pursuant to a sentence
imposed under section 3559(c), for the offense or offenses
for which the defendant is currently imprisoned, and a
determination has been made by the Director of the Bureau of
Prisons that the defendant is not a danger to the safety of
any other person or the community, as provided under section
3142(g);
and that such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission; and
    (B) the court may modify an imposed term of
imprisonment to the extent otherwise expressly permitted by
statute or by Rule 35 of the Federal Rules of Criminal
Procedure; and
    (2) in the case of a defendant who has been sentenced
to a term of imprisonment based on a sentencing range that
has subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. § 994(o), upon motion of the defendant
or the Director of the Bureau of Prisons, or its own motion,
the court may reduce the term of imprisonment, after
considering the factors set forth in section 3553(a) to the
extent that they are applicable, if such a reduction is
consistent with applicable policy statements issued by the
Sentencing Commission.

In this case, Gregory's request for a modification of his

sentence would appear to fall under the exception of

"extraordinary and compelling reasons" set forth in

7

§ 3582(c)(1)(A)(i).  However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section if the Director of the BOP does not move for a reduction of sentence.  <u>See</u> <u>United States v. Thomas</u>, 570 F. Supp.2d 202, 203 (D.P.R. 2007).  <u>See also</u> <u>United States v. Hudson</u>, 44 Fed. App. 457, 458 (10th Cir. 2002); <u>United States v. Tyler</u>, 417 F. Supp.2d 80 (D. Me. 2006); <u>Morales v. United States</u>, 353 F. Supp.2d 204 (D. Mass. 2005); <u>Porges v. Zickefoose</u>, 2008 WL 4596640 at *2 (D. Com. Oct. 15, 2008).

Therefore, where there has been no motion on Gregory's behalf filed by the Director of the BOP, to modify his sentence under § 3582(c)(1)(A)(i), this Court has no authority to grant Gregory's request for a sentence reduction under this statute. Moreover, Gregory has not asserted any facts that would have this matter fall within any of the other exceptions listed under

§ 3582(c).[1]  Gregory has not stated that he seeks a sentence reduction under any other statute, and this Court finds no other statutory basis for the relief he seeks.  Accordingly, the petition must be dismissed for want of jurisdiction.  See Higgs, 504 F.3d at 464; United States v. Servidio, 2008 WL 352866 (D.N.J. Feb. 7, 2008).

Finally, this Court finds that the cases cited by Gregory do not provide any basis for this Court to grant the relief requested by petitioner.  See United States v. Rodriguez, 214 F. Supp.2d 1239, 1240-41 (M.D. Ala. 2002)(sentencing court granted a downward departure after defendant had been sexually assaulted during pre-sentencing confinement); United States v. Francis, 129 F. Supp.2d 612, 619 (S.D.N.Y. 2001)(sentencing court granted downward departure after finding that defendant was subjected to harsh and substandard conditions during his pretrial and pre-

---

[1]  Section 3582(c)(2) authorizes the sentencing court to reduce a previously imposed sentence when the Sentencing Commission lowers the inmate's guideline range.  Section (c)(2) does not apply here, as nothing in Gregory's application indicates that the Sentencing Commission has lowered his guideline range.

Section 3582(c)(1)(B) authorizes the sentencing court to modify a term of imprisonment where "expressly permitted by statute or by Rule 35 of the Federal rules of Criminal Procedure. See 18 U.S.C. § 3582(c)(1)(B).  This subsection does not apply. Gregory cites no statutory authority for the requested sentence reduction; Rule 35(a) is limited to a court's correction of a clear error within seven days of sentencing, see Fed.R.Crim.P. 35(a); Higgs, 504 F.3d at 464; and Rule 35(b) authorizes a reduction of a sentence only upon the government's motion based on the inmate's substantial assistance, see Fed.R.Crim.P. 35(b).

sentence confinement for an extended period of time); <u>United States v. Bakeas</u>, 987 F. Supp. 44, 46-50 (D. Mass. 1997) (sentencing court granted a downward departure because as a non-citizen, defendant would have been confined to far more onerous conditions in a medium security institution than the recommended sentence of 12 months in a minimum security facility).  These cases are not analogous to this action because they underscore the fact that any application for a reduction or modification of a federal sentence must be brought before the district court that imposed the sentence, and not in the district where petitioner is confined.[2]

C.   <u>Failure to Exhaust Administrative Remedies</u>

        While it is readily apparent, and conceded, that Gregory has failed to exhaust his administrative remedies with the BOP before bringing this action, a clear basis for <u>sua</u> <u>sponte</u> dismissal, this Court nevertheless declines to address this issue because, as set forth above, the Court has no statutory authority to

_____

        [2]   Indeed, in the event Gregory may be successful in having the Director of the BOP move for a modification of his sentence on the grounds asserted, pursuant to § 3582(c)(1)(A)(i), this Court notes that the appropriate jurisdiction for such an application resides in the district court that imposed Gregory's sentence.  <u>See</u> <u>Braswell v. Gallegos</u>, 82 Fed. Appx. 633, 635 & n.2 (10th Cir. 2003)(district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district, and the application for modification of the sentence should have been filed in the district which imposed the sentence); <u>Porges</u>, 2008 WL 4596640 at *2.

reduce Gregory's sentence as requested,[3] and therefore, has no jurisdiction over the matter.

## CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.   An appropriate order follows.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 10, 2009

----

[3]   Regulations adopted by the BOP to implement 18 U.S.C. § 3582(c)(1)(A) require an inmate (or a person acting on behalf of an inmate) to submit a request for a motion under 18 U.S.C. § 3582(c)(1)(A) to the Warden, and permit the inmate to submit such a request "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  28 C.F.R. § 571.61(a); see also BOP Program Statement 5050.46.  Under these regulations, the BOP is not authorized to file a motion under § 3582(c)(1)(A) unless the inmate's request is approved by the Warden, the Regional Director, the General Counsel, and the Director of the BOP.  See 28 C.F.R. § 571.62(a).